IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA L. EDGE                                                                    PLAINTIFF

V.                              NO. 14-5120

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Angela L. Edge, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.  Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on February 5, 2010, alleging an inability to work since December 24, 2008, due to neck injury surgical fusion of C5, C6, and C7; nerve impingement down left arm; shoulder injury/laparoscopic surgery to left shoulder; carpal tunnel; disc degeneration; osteoarthritis; severe depression; hip pain; pain in left foot; insomnia/fatigue; and shoulder and neck injury. (Tr. 135-140, 172, 176). An administrative hearing was held on May 16, 2012, at which Plaintiff appeared with counsel, and she and her

partner testified. (Tr. 33-80).

By written decision dated February 28, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - major depressive disorder, dependent personality disorder, degenerative disc disease of the cervical spine status/post surgery, and disorder of the left shoulder. (Tr. 15).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to no overhead reaching bilaterally. The claimant is able to perform work involving simple, routine, and repetitive tasks; involving only simple, work-related decisions with few, if any, workplace changes; and no more than incidental contact with co-workers, supervisors, and the general public.

(Tr. 17).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but that there were other jobs Plaintiff would be able to perform, such as production worker - e.g. patcher; inspector, tester, sorter,  weigher - e.g. touch up screener; and interviewer - e.g. charge account clerk. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 7, 2014. (Tr. 1-5).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 17).

The Court has reviewed the entire transcript. The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues in this matter: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his credibility analysis; and 3) The ALJ erred in his RFC determination. (Doc. 15).

Although the Court believes there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments in combination, as well as the ALJ's credibility and RFC determination, the Court also believes the ALJ failed to resolve a conflict between the VE's testimony and the DOT. The ALJ's RFC determination states that Plaintiff is limited to "no overhead reaching bilaterally," and the jobs the VE indicated Plaintiff could perform all require frequent reaching, according to the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). Consequently, there is a conflict between the

DOT and the VE's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs which the SCO said required frequent reaching).

When an apparent conflict between the DOT and VE testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the VE appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). In this case, the ALJ did not even ask the VE whether his testimony was consistent with the information found in the DOT.  It is therefore not clear whether the VE recognized the possible conflict between the hypothetical and the positions he identified, and no explanation for the conflict was offered at the hearing. Although in his decision, the ALJ stated that he determined the VE's testimony was consistent with the information contained in the DOT (Tr. 26), there is no indication that he was aware of the conflict or how he made such a determination. The Court therefore believes this failure to resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015).

Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the VE's testimony and the DOT and therefore, the VE's testimony did not constitute substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable

AO72A
(Rev. 8/82)

explanation for any conflict between the VE's testimony and the DOT.[1]

## IV. Conclusion:

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 23rd day of April, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014), the Eighth Circuit noted that the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the VE, and thus another administrative hearing may not be required.

AO72A
(Rev. 8/82)